IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRUCE M. RICKARDS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-799-JJF |
| EASTERN SHORE CHICKEN FARM LLC, a Delaware limited liability company, | : |
| Defendant. | : |

Eric C. Howard, Esquire of WILSON, HALBROOK & BAYARD, Georgetown, Delaware.

Attorney for Plaintiff

Duc Ngo and Tina Ngo, Ocean View, Delaware.

On behalf of Defendant.

**MEMORANDUM OPINION**

April 19, 2007
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is Plaintiff's Motion To Remand (D.I. 8). For the reasons discussed, the Motion will be granted.

I. BACKGROUND

On November 17, 2006, Plaintiff filed suit in the Superior Court of the State of Delaware for Sussex County seeking to enforce a purchase money mortgage for failure to maintain the mortgaged premises. No federal claims were asserted. On December 29, 2006, Defendant, through its non-lawyer member representatives,[1] filed a Notice Of Removal with this Court (D.I. 1). On January 12, 2007, Plaintiff filed the instant Motion To Remand (D.I. 8).

By his Motion, Plaintiff contends that the Court must remand this action to the Superior Court of Delaware because the Court lacks subject matter jurisdiction. In response,[2] Defendant appears to contend that Plaintiff's Motion is based on improper motive and cites various statutory bases of jurisdiction to support removal.

---

[1] It has not been established that Duc Ngo and Tina Ngo have the authority to represent the Defendant limited liability company in accordance with Delaware Supreme Court Rule 57. However, because this Court concludes that it lacks subject matter jurisdiction and for purposes of judicial efficiency, the Court need not address the issue.

[2] Defendant's response is titled "Motion In Limine/Motion To Strike" but is construed by the Court as an answer brief in opposition to the Motion To Remand (D.I. 9).

2

## II. LEGAL STANDARD

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction. 28 U.S.C. § 1441(a). The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941). A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc., 809 F.2d 1006, 1010 (3d Cir. 1987); Zoren v. Genesis Energy, L.P., 195 F.Supp.2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. Steel Valley Auth. 809 F.2d at 1010.

## III. ANALYSIS

In the instant action, Defendant contends that the Court has jurisdiction under 28 U.S.C. §§ 1443, 1446, and 1343. Section 1446 sets forth the procedure for removal and is not a basis for jurisdiction. Section 1343 grants a district court

original jurisdiction over actions commenced to recover damages for injury or deprivation based on a violation of civil rights. The instant action was commenced by Plaintiff to recover the value of a mortgage and is unrelated to a claim for violation of civil rights or any other federal law. Thus, the Court need only address Defendant's contention that it has jurisdiction under Section 1443.

In the instant action, Defendant's contentions are relevant to the first subsection of Section 1443. Under 28 U.S.C. § 1443(1), federal courts have jurisdiction over an action

> 1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

Removal under Section 1443(1) requires that a state court defendant satisfy a two-pronged test by demonstrating: "1) that he is being deprived of rights guaranteed by a federal law 'providing for. . . equal civil rights'; and 2) that he is 'denied or cannot enforce' that right in the courts of the state." Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting Georgia v. Rachel, 384 U.S. 780, 788 (1966)).

The Court concludes that Defendant has not satisfied either prong of the test. With respect to the first prong, Defendant appears to invoke 42 U.S.C. § 1985(3) which provides a cause of action for injuries resulting from a conspiracy motived by race discrimination. Defendant contends that the state court will

3

side with Plaintiff because he is white, wealthy, and well known in the community. However, even assuming arguendo that Section 1985(3) were a qualifying statute under the first prong of the test, and further, that Defendant's contention were sufficient to allege a racially-motivated conspiracy, the Court need not address this further because Defendant fails to satisfy the second prong. see Davis, 107 F.3d at 1050 (noting that the status of § 1985(3) as a qualifying statute for removal under § 1443(1) is unclear).

With respect to the second prong, Defendant contends that it cannot be ensured a fair and impartial trial because its representatives, Duc Ngo and Tina Ngo, are of Vietnamese descent and the Delaware courts have a poor track record with minorities and employ "racist" judges. However, Defendant's speculation that a fair trial is unavailable in the Delaware state court is not sufficient to support removal under Section 1443(1). "The vindication of the defendant's federal rights is left to the state courts except in rare situations where it can be clearly predicted by reason of operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." Greenwood v. Peacock, 384 U.S. 808 (1966). Defendant has made no such showing here.

4

Thus, the Court concludes that Defendant has not met its burden to establish federal jurisdiction and that it lacks subject matter jurisdiction. Accordingly, the Court will grant Plaintiff's Motion and remand the action to the Delaware Superior Court.

An appropriate Order will be entered.

5